IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

**MICHAEL KELLY, as Administrator
of the Estate of EVERETT KELLY,
and PATTI KELLY,**

**Plaintiffs,**

**v.**

**MARTIN & BAYLEY, INC., d/b/a
HUCK'S CONVENIENCE STORE,
and Philip MORRIS USA, INC.,**

**Defendants.**                                                              No. 05-CV-0409-DRH

## MEMORANDUM and ORDER

**HERNDON, District Judge:**

### I. Introduction and Background

Now before the Court is Plaintiffs' motion to remand (Docs. 11, 15, & 16). Defendants oppose the motion (Docs. 13, 14 & 17). Based on the pleadings, the applicable law and the following, the Court finds that removal was proper under the federal officer's statute and denies the motion to remand.

On June 3, 2005, Plaintiffs filed a First Amended Complaint in a civil case pending in the Circuit Court of Madison County, Illinois (Doc. 2). Plaintiff Michael Kelly, Administrator of the Estate of Everett Kelly and the son of Everett, is a citizen of Florida and Plaintiff Patti Kelly, the wife of Everett, is a citizen of Illinois. Everett smoked "Marlboro Lights" brand cigarettes for about 30 years, was diagnosed with lung cancer on July 23, 2001 and died as a result of lung cancer on

June 4, 2003.  Plaintiffs bring this lawsuit against Philip Morris USA, Inc. ("PM"), a citizen of Virginia, who manufactured, marketed, and promoted Marlboro Lights, and Martin & Bayley, Inc., d/b/a Huck's Convenience Store, ("Huck's"), a citizen of Illinois, who "engaged in the business of selling Marlboro Lights" (Doc. 2. p. 2). Plaintiffs' First Amended Complaint contains claims against both Defendants under the Illinois Consumer Fraud statute and the Uniform Commercial Code, plus claims based on negligence, products liability and loss of consortium theories.  Among many other things, Plaintiffs allege that Everett was without knowledge that he received higher levels of tar and nicotine than Defendants represented or that the smoke produced by Marlboro Lights is more mutagenic than regular cigarettes (Doc. 2, p. 2, ¶ 3).  The First Amended Complaint also alleges that Philip Morris and Huck's expressly warranted that the Marlboro Lights cigarettes were "Lights" cigarettes and contained "lowered tar and nicotine" pursuant to the Uniform Commercial Code § 2-213, 810 ILCS 5/2-313, by placing the words "Marlboro Lights" and/or "lowered tar and nicotine" on each and every package sold to Everett. (Doc. 39, ¶ ¶ 29 & 101).

On June 9, 2005, Defendants jointly removed the action to this Court invoking subject matter jurisdiction under the federal diversity statute, **28 U.S.C. § 1332**, and the federal officer statute, **28 U.S.C. § 1442(a)(1)**.  In particular, Defendants' notice of removal states that the Court has diversity jurisdiction exists because Huck's has been fraudulently joined in an attempt to avoid federal jurisdiction and that removal is proper under the "Federal Officer" removal statute,

**28 U.S.C. § 1442(a)(1)**.

## II.  Analysis

The removal statute, **28 U.S.C. § 1441**, is construed narrowly, and doubts concerning removal are resolved in favor of remand.  ***Doe v. Allied-Signal, Inc.*, 985 F.2d 908, 911 (7th Cir. 1993)**.  Defendants bear the burden to present evidence of federal jurisdiction once the existence of that jurisdiction is fairly cast into doubt.  ***See In re Brand Name Prescription Drugs Antitrust Litig.*, 123 F.3d 599, 607 (7th Cir. 1997)**.  "A defendant meets this burden by supporting [its] allegations of jurisdiction with 'competent proof,' which in [the Seventh Circuit] requires the defendant to offer evidence which proves 'to a reasonable probability that jurisdiction exists.'"  ***Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997)*(citations omitted)*.

Here, despite the apparent lack of diversity jurisdiction (both Plaintiff Patti Kelly and Huck's are Illinois citizens), Defendants argue that Huck's was fraudulently joined and that without the presence of Huck's diversity of citizenship exists between the parties.  The parties do not dispute that the amount in controversy exceeds $75,000. ***See* 28 U.S.C. § 1332**.  Thus, the Court must determine if diversity jurisdiction exists which hinges on whether Huck's was fraudulently joined.[1]

In the context of jurisdiction,"fraudulent" is a term of art.  ***See Poulos***

---

[1] As stated earlier, Michael Kelly is a citizen of Florida and PM is a citizen of Virginia.

***v. Naas Foods, Inc.*, 959 F.2d 69, 73 (7th Cir. 1992)**. "Although false allegations of jurisdictional fact may make joinder fraudulent, . . . in most cases fraudulent joinder involves a claim against an in-state defendant that simply has no chance of success whatever the plaintiff's motives." ***Id.* (collecting cases)**. To prove fraudulent joinder the out-of-state defendant must "show there exists no 'reasonable possibility that a state court would rule against the [in-state] defendant,'" ***Schwartz v. State Farm Mutual Auto. Ins. Co.*, 174 F.3d 875, 878 (7th Cir. 1999)(citing *Poulos*, 959 F.2d at 73))**. The defendant bears a heavy burden in this regard. ***Id.***

As to the fraudulent joinder of Huck's, the Court finds that Defendants have not sustained this heavy burden. The record before the Court establishes that there exists a reasonably probability that a state court would rule against Huck's. The Court relies on the past decisions of the Circuit Court of Madison County (the state court which this case was removed from) and of this Court finding that tobacco plaintiffs may maintain these type of actions against Huck's and that Huck's was not fraudulently joined. ***See Krueger v. R.J. Reynolds Tobacco Co.*, 05-0090-DRH (January 6, 2006 Order, Doc. 48); *Mills v. Martin & Bayley, Inc., d/b/a Huck's Convenience Store*, No. 04-L-1270 (Ill. Cir. Ct. April 12, 2005)(Kardis, J.); *Wilkerson v. Martin & Bayley, Inc., d/b/a Huck's Convenience Store*, No. 05-L-125 (Ill. Cir. Ct. June 2, 2005)(Kardis, J.); *Lucas v. Martin & Bayley, Inc., d/b/a Huck's Convenience Store*, No. 05-L-127 (Ill. Cir. Ct. June 2, 2005)(Kardis, J.)**; ***Lucas v. Martin & Bayley, Inc.*, 05-CV-0410-MJR (August**

**26, 2005, Doc. 14)**.

Since the Court finds that Huck's was not fraudulently joined, diversity jurisdiction does not exist, therefore, the Court must determine whether the removal was proper under the "federal officer" removal statute, **28 U.S.C. § 1442(a)(1)**.

**28 U.S.C. § 1442(a)(1)** provides in part:

> (a) A civil action or criminal prosecution commenced in a State court against any of the following may be removed by them to the district court of the United States for the district and division embracing the place wherein it is pending:
> (1) ... any officer (or any person acting under that officer) of the United States or of any agency thereof, sued in an official or individual capacity for any act under color of such office or on account of any right, title or authority claimed under any Act of Congress for the apprehension or punishment of criminals or the collection of the revenue.

This provision protects federal officers, federal agencies, and those acting under their direction "against interference in the course of their duties b hostile state court." ***Willingham v. Morgan*, 395 U.S. 402, 405 (1969)**. The provision carries out its purpose "by allowing those whose federal activity may be inhibited by state court actions to remove to the presumably less biased forum of federal court." ***Ryan v. Dow Chemical*, 781 F.Supp. 934, 939 (E.D. N.Y. 1992)**.

Section 1442(a)(1) is an exception to the well pleaded complaint rule. ***Jefferson County v. Acker*, 527 U.S. 423, 431-32 (1999)**. It permits federal law under which the action is deemed to "arise" for the purposes of the court's Article III jurisdiction to be supplied by pleading a federal defense in the notice of removal and satisfying the provision's other requirements. ***See id., see also Mesa v. California*,**

**489 U.S. 121, 136 (1989)**.

While the primary beneficiaries of Section 1442(a)(1) are federal officers and agencies, a private part defendant may also invoke Section 1442(a)(1) but to do so must: (1) assert a colorable defense based on federal law in the notice of removal; (2) establish that it was acting under the direction of a federal officer when it engaged in the actions on which the plaintiff's claims are based; and (3) demonstrate that a causal nexus exists between its actions and the federal officer's use of his governmental office. ***See Jefferson County*, 527 U.S. at 431**. Additionally, a defendant seeking removal must also be a 'person' within the meaning of section 1442(a)(1).

Just recently, the Eighth Circuit Court of Appeals addressed this exact issue under very similar allegations in ***Watson v. Philip Morris Co., Inc.*, 420 F.3d 852 (8th Cir. August 25, 2005)**. In *Watson*, the Eighth Circuit Court of Appeals affirmed the district court's decision denying a motion to remand in a similar lawsuit involving light cigarettes concluding that Philip Morris had acted at the direction of the Federal Trade Commission in its marketing of light cigarettes and thus removal was proper pursuant to 28 U.S.C. § 1442(a)(1). Plaintiffs argue that the Court should decline to follow *Watson* because it is distinguishable and the decision considered only two of the four criteria based on the *Watson* plaintiffs' concessions. Plaintiffs urge the Court to follow past decisions in similar cases from this judicial

district which found that removal was not proper under 28 U.S.C. § 1442(a)(1).[2] The Court rejects Plaintiffs' arguments and finds that **Waston** certainly is on point.

In particular, the **Watson** Court found:

> In this case, Watson and Lawson challenge more than just the cigarette design. They also challenge Philip Morris's "marketing and promoting" of low tar and nicotine cigarettes, its "representations," and its alleged deception of consumers. Thus, in part, their complaint challenges Philip Morris's advertising. It cannot be seriously argued that the FTC does not direct and control the advertising of cigarettes.

*Id.* **at 861**. Furthermore, the Eighth Circuit found:

> In 1971, the FTC and American Brands, Inc., entered into a consent order based upon a complaint the FTC issued. There, the FTC explained its view of how the use of certain descriptors could constitute deceptive advertising – it would be deceptive to use descriptors like "low," lower," "reduced," or other qualifying terms unless the tar and nicotine levels were also stated. The tar and nicotine levels were to be measured by "the testing method employed by the Federal Trade Commission," which is the Cambridge Filter Method. Watson and Lawson claim it is deceptive for Philip Morris to use a low tar descriptor in conjunction with its cigarettes' FTC rating. The very combination Watson and Lawson challenge as deceptive is the same combination the FTC requires to *not* be deceptive. Whether Philip Morris's labeling of cigarettes as "lights" is deceptive directly implicates the enforcement and wisdom of the FTC's tobacco policies.

*Id.* **at 862**. As to colorable defense the Eighth Circuit also found:

> Although we are required to review the requirement of a colorable defense for jurisdictional purposes, the threshold is quite low. We do not require the defendant to "win his case before he can have it removed." *Willingham v. Morgan*, 395 U.S. 402, 407, 89 S.Ct. 1813, 23 L.Ed.2d 396 (1969). The defendant need only raise a "colorable" federal defense. *Id.; Jefferson County v. Acker*, 527 U.S. 423, 431, 119 S.Ct. 2069, 144 l.Ed.2d 408 (1999). We have no hesitation in

---

[2]The cases that Plaintiffs urge the Court to follow were decided before **Watson**, thus, the other judges did not have the benefit of **Watson** in rendering their decisions.

concluding that Philip Morris, in its Notice of Removal, has set forth a colorable federal defense which Watson and Lawson have not contested.

Lastly, Circuit Judge Gruender noted in his concurrence:

> [O]ur decision today should not be construed as an invitation to every participant in a heavily regulated industry to claim that it, like Philip Morris, acts at the direction of a federal officer merely because it tests or markets it products in accord with federal regulations. ... In this case, as the court's decision makes clear, the FTC's direction and control of the testing and marketing practices at issue is extraordinary. The FTC developed the Cambridge Filter Method, conducted the testing itself for twenty years before farming it out to the cigarette companies, threatened a deceptive advertising action if the method of the testing deviated in the smallest way from the government-mandated method and controlled the disclosure of the results throughout. Because the FTC passed the function of performing the testing to the cigarette companies while allowing them no independent control of the process whatsoever, this is a rare case in which federal officer jurisdiction is appropriate ...

**Id. at 863-64**.

Based on the reasoning set forth in **Watson**, the Court finds that removal was proper under the "federal officer" removal statute, **28 U.S.C. § 1442(a)**.

### III. Conclusion

Accordingly, the Court **DENIES** the motion to remand (Doc. 11).

**IT IS SO ORDERED.**

Signed this 9th day of January, 2006.

/s/          David RHerndon
**United States District Judge**
